# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

_____

No. 18-30246

_____

United States Court of Appeals
Fifth Circuit

**FILED**

October 29, 2018

Lyle W. Cayce
Clerk

BRYAN COLE,

Plaintiff-Appellant

v.

DARREL VANNOY; TRACY FALGOUT; DOCTOR RANDY LAVESPERE,

Defendants-Appellees

_____

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:17-CV-338

_____

Before OWEN, WILLETT, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Bryan Cole, Louisiana prisoner # 475537, moves for leave to proceed in forma pauperis (IFP) on appeal. He filed this 42 U.S.C. § 1983 action against Darrel Vannoy, Warden of the Louisiana State Penitentiary (LSP) at Angola, Tracy Falgout, Assistant Warden, and Dr. Randy Lavespere, medical director of LSP Angola Hospital, alleging that they intentionally refused his medical treatment and supplies with deliberate indifference to his serious medical needs in violation of the Eighth Amendment.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-30246

The district court granted the defendants' motion to dismiss Cole's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and (b)(6). The district court dismissed the complaint in part under Rule 12(b)(1) against the defendants in their official capacities under the Eleventh Amendment. The district court also dismissed his complaint under Rule 12(b)(6), concluding that Cole had failed to state a claim of deliberate indifference under the Eighth Amendment and that Cole had failed to allege any personal acts or involvement by the defendants in his medical care. The district court determined that Cole's allegations amounted to a mere disagreement with the determinations made by medical personnel regarding his treatment. The district court denied Cole's motion to proceed IFP on appeal, certifying that his appeal was not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) and FED. R. APP. P. 24(a)(3).

By moving to proceed IFP, Cole is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). We may dismiss the appeal under 5th Circuit Rule 42.2 if it is frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

To the extent that Cole briefed an argument relating to Dr. Lavespere, the fact that Dr. Lavespere may have not agreed with or followed the treatment recommended by an outside consulting physician does not establish deliberate indifference. *See Stewart v. Murphy*, 174 F.3d 530, 535 (5th Cir. 1999) (holding that doctor's decision not to follow recommendation of an outside consulting

doctor was a difference in medical opinion as to the appropriate method of treatment but not deliberate indifference).

Otherwise, Cole does not challenge the district court's reasons for dismissing his complaint or denying him leave to proceed IFP on appeal. Pro se briefs are afforded liberal construction. *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Nevertheless, when an appellant fails to identify any error in the district court's analysis, it is as if the appellant had not appealed that issue. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Because Cole has failed to challenge any legal aspect of the district court's disposition of his complaint or the certification that his appeal is not taken in good faith, he has abandoned the critical issues of his appeal. *Id*. Thus, the appeal lacks arguable merit and is frivolous. *See Howard*, 707 F.2d at 220. Accordingly, Cole's motion for leave to proceed IFP on appeal is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

We hereby inform Cole that the dismissal of this appeal as frivolous counts as a strike for purposes of § 1915(g), in addition to the strike for the district court's dismissal. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1761-64 (2015) ("A prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal."); *Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996) ("[B]oth the frivolous appeal and a lower court's dismissal as frivolous count."), *abrogated in part on other grounds by Coleman*, 135 S. Ct. at 1762-63. We caution Cole that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

No. 18-30246

IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED; ALL OTHER MOTIONS DENIED.